**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVE WASHINGTON<br>2311 Moore St.<br>Philadelphia, PA 19145<br><br>      Plaintiff,<br><br>v.<br><br>ARAMARK CORPORATION<br>d/b/a ARAMARK FACILITIES<br>1101 Market St.<br>Philadelphia, PA 19107<br>      and<br>UNIVERSITY OF PENNSYLVANIA<br>3101 Walnut St.<br>Philadelphia, PA 19104<br><br>      Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Steve Washington, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Aramark Corporation and the University of Pennsylvania (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), 42 U.S.C. §1981, and the Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff was subjected to discrimination based on his advanced age and race and he suffered damages more fully described/sought herein.

---

[1] Plaintiff will move to amend his instant lawsuit to include a claim under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADEA claims identically.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Aramark (*hereinafter* "Defendant") is a corporation with a location at the above-captioned address which provides food service, facilities and uniform services to

2

hospitals, universities, school districts, stadiums and other businesses around the world, including the University of Pennsylvania (where Plaintiff physically worked).

9. Defendant University of Pennsylvania ("Defendant UOP") is a university located in Philadelphia, Pennsylvania.

10. Plaintiff physically worked at Defendant UOP in Philadelphia, PA for approximately 3 years and was placed there through a contractor service company called SSC Service Solutions/Compass Group, USA. However, even though he was paid SSC Service Solutions/Compass Group, USA during his tenure with Defendant UOP, he was still treated in all functional respects like an employee while working within Defendant UOP. For example, Defendant UOP's management had the ability to recommend discipline to Plaintiff, give directive to Plaintiff, and have input in managerial decisions regarding Plaintiff's employment. Thus, for the foregoing reasons, Defendant UOP may be treated as a single and/or joint employer for purposes of the instant action.

11. In or about the Spring of 2016, Defendant Aramark was announced as the new service contractor for Defendant UOP, beginning on or about July 1, 2016.

12. When Defendant Aramark became the new service contractor for Defendant UOP, Defendant Aramark and Defendant UOP jointly made decisions regarding the continued employment of SSC Service Solutions/Compass Group, USA employees, including Plaintiff.

13. Therefore, based on the foregoing, Defendant Aramark may be treated as a single and/or joint employer for purposes of the instant action.

14. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

3

## IV. FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff is a 54-year-old African-American (black) male.

17. Since in or about the year 2013, Plaintiff was employed and paid by a service contractor company called SSC Service Solutions/Compass Group, USA; however, he was physically working at Defendant UOP as a housekeeping supervisor.

18. Plaintiff had physically worked at Defendant UOP for approximately 3 years, wherein he was given directive by Defendants' management and wherein Defendant's UOP's management had input regarding managerial decisions pertaining to Plaintiff's employment.

19. While employed as a housekeeping supervisor, Wendy Sparks – Director of Housekeeping for Defendant UOP – had input in employment decisions regarding Plaintiff and other employees of SSC Service Solutions/Compass Group, USA, including but not limited to assignments, directives, discipline, and termination.

20. During the time period that Ms. Sparks was Director of Housekeeping (from in or about July of 2014 through Plaintiff's separation in or about June of 2016), she exhibited discriminatory animus and hostility towards older and African-American/black workers. For example, unlike non-black and younger employees, Ms. Sparks would treat younger and African-American (black) employees in a rude and condescending manner, ignore their opinions and/or recommendations, and attempt to find reasons to discipline and/or terminate them. Plaintiff did not observe younger, Caucasian/non-black employees being treated in the same manner.

21. In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

22. Despite the fact that Plaintiff had worked at Defendant UOP for three (3) years and had a solid work history, he was not retained and/or hired by Defendants; however, younger, Caucasian employees, who held the same or similar job as Plaintiff, were retained. In addition, younger, Caucasian individuals were also hired from outside of SSC Service Solutions/Compass Group, USA to fill vacant positions that older and/or African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold.

23. There were multiple other employees of SSC Service Solutions/Compass Group, USA who were African-American (black) and/or over the age of 40 who were also not retained despite their skills, work ethic, and seniority.

24. Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Aramark was awarded the service contract with Defendant UOP.

25. Upon further information and belief, Defendants did not consider seniority, discipline, or other neutral criteria and hired/retained younger, Caucasian employees to fill vacant positions that older employees used to hold.

26. Plaintiff was terminated from Defendant UOP (due to Defendants' decision not to retain and/or hire him) on or about June 30, 2016.

27. Plaintiff believes and therefore avers that he was terminated and/or not retained by Defendants because of his advanced age and/or because of his race.

5

### First Cause of Action
### Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)
### -Against Both Defendants-

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

29. While employed with Defendant UOP, under the supervision of Ms. Sparks, Plaintiff, and other older workers, were subjected to discriminatory treatment (discussed *supra*) because of their advanced age.

30. In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

31. In or about the Summer of 2016, Plaintiff was informed that he had not be retained and/or hired by Defendant Aramark to work at Defendant UOP and he was not provided with any logical or legitimate reason as to why he had not be retained and/or hire.

32. There were multiple other employees of SSC Service Solutions/Compass Group, USA who were over the age of 40 and were also not retained despite their skills, work ethic, and seniority.

33. Younger employees, who held the same or similar job as Plaintiff, were retained and other younger individuals were also hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that older employees of SSC Service Solutions/Compass Group, USA used to hold.

34. Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

35. Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Aramark was awarded the services contract with Defendant UOP.

36. Plaintiff believes and therefore avers that he was not retained and/or hired with Defendants because of his advanced age.

37. These actions as aforesaid constitute unlawful discrimination under the ADA.

## Second Cause of Action
## Violations of 42 U.S.C. § 1981 ("Section 1981")
### (Race Discrimination)
### -Against Both Defendants-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

39. While employed with Defendant UOP under the supervision of Ms. Sparks, Plaintiff, and other African-American (black) workers, were subjected to discriminatory treatment (discussed *supra*) because of their race.

40. In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

41. In or about the Summer of 2016, Plaintiff was informed that he had not be retained and/or hired by Defendant Aramark to work at Defendant UOP and he was not provided with any logical or legitimate reason as to why he had not be retained and/or hire.

42. There were multiple other employees of SSC Service Solutions/Compass Group, USA who were also African-American (black) and were also not retained despite their skills, work ethic, and seniority.

7

43. Non-black employees, who held the same or similar job as Plaintiff, were retained and other non-black individuals were also hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that African-American (black) employees of SSC Service Solutions/Compass Group, USA used to hold.

44. Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminated from SSC Service Solutions/Compass Group, USA.

45. Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group USA when Aramark was awarded the services contract with Defendant UOP.

46. Plaintiff believes and therefore avers that he was not retained and/or hired by Defendants because of his race.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: May 1, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEVE WASHINGTON | : | CIVIL ACTION |
| v. | : | |
| ARAMARK CORPORATION D/B/A ARAMARK FACILITIES, ET'AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 5/2/2017 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2311 Moore Street, Philadelphia, PA 19145

Address of Defendant: 1101 Market Street, Philadelphia, PA 19107; 3101 Walnut Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/2/2017     Attorney-at-Law     ARK2484     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/2/2017     Attorney-at-Law     ARK2484     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WASHINGTON, STEVE

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
ARAMARK CORPORATION d/b/a ARAMARK FACILITIES, ET AL

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
☒ 442 Employment

## V. ORIGIN
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: ADEA (29USC621); 42USC1981
Brief description of cause: Violations of the ADEA, 42USC1981 and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 5/2/2017
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____